# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL HAYES #352-252
     Petitioner                   :

    v.                           :   CIVIL ACTION NO. JKB-12-3363

KATHLEEN GREEN and            :
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND        :
     Respondents

## MEMORANDUM

Michael Hayes ("petitioner" or "Hayes") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2012, challenging his convictions in the Circuit Court of Baltimore City. ECF No. 1. Respondents have responded (ECF No. 8), and Hayes has filed a reply. ECF No. 9. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the petition will be denied and dismissed and a certificate of appealability denied.

### Procedural History and Background

Hayes was charged by criminal information on September 28, 2007, with multiple offenses, including armed robbery, burglary, and assault. ECF No. 8, Ex. 1. On June 12, 2008, a jury convicted Hayes of armed robbery, first-degree burglary, theft over $500, and unauthorized use of a motor vehicle. Hayes was acquitted of first- and second-degree assault, auto theft, and two handgun offenses. *Id.,* Ex. 5, pp. 28-33.

> A synopsis of the crimes, recounted on direct appeal, follows:
>
> This case is the result of a home invasion of Kenneth Leitch. On July 27, 2007, Leitch was approached by two men, one of whom he would later identify as appellant, the other whom he knew as

"Chris." Chris pulled a gun from his pocket, which Leitch described as a light gray semi-automatic pistol and told Leitch that they were going into his house. Leitch testified that he recognized the gun because he owned one like it.

Once inside, the men told him to turn off the alarm. Leitch then told the men where to find money -- approximately $4,000 -- that he kept in the house. The men also asked him if he had a gun. Leitch informed them that he had a gun at his office. When appellant, however, found a box of bullets in a closet, he became angry and, with the pistol in one hand and the box of bullets in the other, pressed the gun against Leitch's face, turning it to make sure that Leitch looked at him. He then told Leitch that he had better not lie. The perpetrators later found a .22 caliber rifle. When Leitch's wife arrived home, as she approached the front of the house, the men took Leitch out of the back door, took his wallet and car keys, and drove off in Leitch's Escalade.

Mobile Crime Scene Technician Akil Muhangi was called to the scene the day of the crime to attempt to find fingerprints of the assailants. Muhangi, after having determined that only the rifle and the ammunition box would be suitable for lifting prints, recovered prints from the ammunition box. Elizabeth Patti, a latent print examiner for the Baltimore City Police Department, ran the prints obtained by Muhangi through the Automated Fingerprint Identification System. Based on the result, she obtained a record of appellant's fingerprints for comparison. In her opinion, the fingerprints obtained from Leitch's residence matched those of appellant. Leitch also identified appellant as one of the assailants and as the man who handled the ammunition box.

*Id.,* Ex. 9, pp. 1-2.

On August 7, 2008, Baltimore City Circuit Court Judge John C. Themelis sentenced Hayes to 20 years' incarceration for armed robbery, 4 years concurrent for unauthorized use, and 20 years' incarceration, consecutive, for burglary.[1] *Id.,* Ex. 6, pp. 19-21.

Hayes raised one question on appeal: whether the trial court erred in instructing the jury, in response to a question, that the victim's subjective belief that a real gun was used could establish armed robbery. *Id.,* Ex. 7, p. 1. On June 23, 2010, the Court of Special Appeals of

---

[1] The theft conviction was merged. *Id.*

Maryland rejected Hayes's claim of error and affirmed the conviction in an unreported opinion. *Id.,* Ex. 9. Hayes's request for further appellate review was denied by the Court of Appeals of Maryland on October 22, 2010. *Id.,* Exs. 10-11. Hayes did not seek certiorari in the United States Supreme Court; thus, his convictions became final on January 20, 2011, when the time for doing so expired.[2]

On November 24, 2010, Hayes filed a petition for state post-conviction relief in the Circuit Court for Baltimore City. In his petition as supplemented, Hayes alleged that (A) trial counsel was ineffective (1) in failing to move that the verdicts for armed robbery and first-degree burglary be vacated on the basis that the verdicts were inconsistent, given that he was acquitted of possession and use of a handgun in a felony or crime of violence, and (2) in failing to file a motion to reduce sentence pursuant to Maryland Rule 4-345; (B) appellate counsel provided ineffective assistance by failing to present the appellate court with the issue that the trial court's response to jury communications deprived him of his right to have the jury be the finder-of-fact under Article 23 of the Maryland Declaration of Rights and the Sixth and Fourteenth Amendments to the United States Constitution, when it conveyed that the evidence established that the handgun was real for the purpose of proving armed robbery; and (C) his incarceration is illegal because his total sentence of incarceration has been suspended. *Id.,* Ex. 14, pp. 1-2.

Hayes was the only witness to testify at his July 14, 2011, post-conviction hearing. *Id.,* Ex. 13. In a memorandum opinion and order filed on July 27, 2011, the Circuit Court denied post-conviction relief. *Id.,* Exhibit 14. In his application for leave to appeal the post-conviction court's decision, Hayes alleged that the post-conviction court erred (1) in finding that despite trial counsel's failure to file a motion for reduction of sentence or review of sentence, Hayes failed to prove prejudice and was "no stranger to the court system"; (2) in failing to apply the

---

[2] *See* Sup. Ct. Rule 13.1.

tenets of *State v. Price,* 405 Md. 10 (2008), "to inconsistent verdicts vis-a-vis ineffective assistance of trial counsel" with regard to the armed robbery conviction; (3) in finding that the trial court's improper comment about the handgun did not direct the jury to find Hayes guilty of armed robbery; and (4) in finding that the sentence received was within the sentencing guidelines, when at sentencing the trial court suspended the entire term of incarceration. *Id.,* Ex. 15, pp. 1-2. The application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland in an unreported opinion filed on October 3, 2012.[3]

In his § 2254 petition, Hayes challenges his convictions and sentences on three separate grounds: (1) the trial court abused its discretion by imposing an illegal sentence; (2) the trial court erred by accepting an inconsistent verdict; and (3) trial counsel was ineffective for failing to file a timely motion to reduce sentence. ECF No. 1, p. 6.

### Standard of Review

The federal habeas statute, 28 U.S.C. § 2254, as amended, provides a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy,* 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). This "highly deferential" standard is "difficult to meet" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. __, ___, 131 S.Ct. 1388, 1398 (2011); *see also Harrington v. Richter*, 562 U.S. __, __, 131 S.Ct. 770, 786 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). Petitioner carries the burden of proof to meet this standard. *See Pinholster*, 131 S.Ct. at 1398.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable

---

[3] The mandate issued on November 5, 2012. *Id.,* Ex. 16.

application of, clearly established federal law, as determined by the Supreme Court of the United

States"; or 2) "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (as

amended in 1996 as part of the enactment of the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA")). "Under the 'contrary to' clause, a federal habeas court may grant the writ

if the state court arrives at a conclusion opposite to that reached by this Court on a question of

law or if the state court decides a case differently than this Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (O'Connor, J.,

concurring). "Under the ("unreasonable application") clause, a federal habeas court may grant

the writ if the state court identifies the correct governing legal principle from this Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id. See also*

*Bell v. Cone,* 535 U.S. 685, 694 (2002). In other words, a federal court may grant relief when a

state court has misapplied a "governing legal principle" to "a set of facts different from those of

the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003)

(citing *Williams,* 529 U.S. at 407). To be "unreasonable," the state court's application of Supreme

Court precedent must have been more than incorrect or erroneous. *See Lockyer,* 538 U.S. at 75.

The state court's application must have been "objectively unreasonable." *See Williams v. Taylor,*

529 U.S. at 409*, see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). That high standard has

not been met in Hayes's case. Each issue he raises is addressed sequentially below.

### Analysis

A. Illegal Sentence

Hayes claims the trial court abused its discretion by imposing an illegal sentence. By

inference he further suggests that in failing to correct ambiguity in the sentence by invoking the

"rule of lenity," the post-conviction court violated his due process rights. ECF No. 1, pp. 5-6 and ECF No. 9, p. 3.

At sentencing, Judge Themelis described Hayes's "horrific record," noting that the instant offense "happened within 16 days of the Defendant's release from the Division of Correction." ECF No. 8, Ex. 6, p. 18. After detailing some of Hayes's prior convictions, the court indicates "[t]he presentence report…categorizes [Hayes] as a career criminal, indicate[s] that the Parole Commission has issued a retake warrant, a parole revocation hearing is pending, and…he's not benefitted from supervision. He's labeled as a recidivist…and a significant risk to public safety." *Id.,* Ex. 6, p. 19. Judge Themelis noted the State's recommendation that Hayes be sentenced within the Maryland sentencing guidelines to a total of 40 years' incarceration. The court then imposed a 20-year sentence from August 7, 2007, for armed robbery and four years concurrent with the armed robbery for the felony theft, before turning to the appropriate sentence for the first-degree burglary conviction. In so doing, the court made a statement on which Hayes predicates his claim of ambiguity:

> THE COURT: I'm imposing 20 years consecutive to the armed robbery,
> which is count one in 207271010. The total sentence –
> fine and costs are suspended on all counts.

*Id.,* Ex. 6, pp. 19-20.

To the extent that the court's ruling pertains to Maryland law as it relates to Maryland sentencing provisions, this court may not second-guess those conclusions. *See Rose v. Hodges* 423 U.S. 19, 21–22 (1975). Sentencing decisions by state courts are not subject to federal review unless the sentence violates a constitutionally protected right. *See Makal v. Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976); *see also Stevens v. Warden,* 382 F.2d 429, 433 (4th Cir. 1967) (holding that federal courts have no right to review a state court sentence which does not exceed

the statutory maximum).  To the extent that this ground for relief states a federally cognizable

claim, it also is unavailing.

As the state post-conviction court explained, the record clearly shows that the trial court

sentenced Hayes, a career offender, to a total term of 40 years' incarceration commencing

August 7, 2007, with only the fine and costs suspended.  ECF No. 8, Ex. 14, pp. 8-9 and Ex. 6,

pp. 21-22.  No ambiguity exists.  The state post-conviction court's factual finding in this respect

is supported by the record, is objectively reasonable, and is entitled to substantial deference

pursuant to 28 U.S.C. § 2254(d) and (e)(1).

B.  Inconsistent Verdicts

Citing Maryland law, Hayes next claims that his acquittal on the handgun charges was

inconsistent with his conviction for armed robbery and first-degree burglary, where the only

evidence of a weapon used involved a handgun.  ECF No. 1, p. 6; ECF No. 9, p. 5.  At his

postconviction hearing, Hayes raised this claim in the context of ineffective assistance of

counsel; here, he argues that the trial court erred in accepting the inconsistent verdicts.  ECF No.

1, p. 6.

The trial record clearly indicates the jurors sought clarification as to whether Hayes could

be found guilty of use of a handgun in a crime of violence (count seven) and possession of a

handgun by a prohibited person (count twelve), as well as robbery (count two), but also could

find Hayes not guilt of armed robbery (count one).  The trial judge answered the question in the

affirmative.  ECF No. 8, Ex. 5, p.4.  Defense counsel indicated that while the judge was legally

correct, she would note an exception to the clarifying instruction because so finding would be

inconsistent, given the State's theory that a handgun was used in the commission of the crime.

*Id.,* Ex. 5, pp. 6-7.  The jurors later asked for clarification as to the elements of armed robbery.

The trial judge stated that "armed robbery requires the State to prove beyond a reasonable doubt all the elements of robbery and that the robbery was committed with a dangerous weapon. That weapon could be a rock, stick, any object." *Id.,* Ex. 5, pp. 18-19. The jurors sought additional clarification concerning the difference between armed robbery and use of a handgun in the commission of a crime of violence, and sought assurance that the two charges were different counts and not "the same thing." *Id.,* Ex. 5, pp. 20-21. The following discussion ensued:

> THE COURT: …They're two separate…Because, firstly, because this handgun was never discharged. In order for you to convict the Defendant of any handgun charge, you have to be satisfied, regardless of whether you find he had the handgun or aided and abetted another who had a handgun, based on the testimony, the description and the knowledge of the person who'sdescribing what he saw, you have to be satisfied beyond a reasonable doubt that, in fact, it was a real handgun and not something else.
>
> JUROR: So, for instance, the armed robbery can use other things other than a handgun, but this is specifically to a handgun.
>
> THE COURT: Yes. For example, that handgun could have been, I mean, that object, if it was heavy enough, could have been used as a bludgeon, like a club. Give me your money, the same way a rock could be, the same way a stick could be.
>
> JUROR: If it's believed that there was a handgun, let's say there's a water gun. If it's believed by the victim that that was a handgun, it can be armed robbery. But can it be use of a handgun since it wasn't really a handgun?
>
> THE COURT: No. No. If it, first off, for that to be not a real gun, if it's apparent that that's a toy and that it is incapable of inflicting death or serious bodily harm, it's not even armed robbery.
>
> JUROR: Okay. But what if he, what if he believes that it's –
>
> THE COURT: Okay. Now, if it's like one of those knock-offs that you can't shoot but look like a real gun and the individuals, based on what he saw or, what he saw, thought, in fact, it was a real gun and you believe beyond a reasonable doubt based on the testimony that he believed it was a real handgun, then that can consist of armed robbery.

JUROR: But what about the number, the other number seven?

THE COURT: Oh, no. Then if you don't think it's a real handgun, if you don't find beyond a reasonable doubt that that's a real handgun, you must acquit of that charge.

JUROR: Okay. So there needs to be a real handgun –

THE COURT: Yes.

JUROR: -- for sure.

THE COURT: Yes. Now, that can be determined by all the evidence that it's a real handgun.

JUROR: Okay.

THE COURT: But if you find that it's not a real handgun, then you cannot convict of use of a handgun in a crime of violence or possession of a handgun by a prohibited person. You still need it to be a firearm, handgun. I think they're the only two handgun charges.[4]

JUROR: Okay.

THE COURT: To convict of those two counts, you must find beyond a reasonable doubt that, in fact, it was a real handgun.

*Id.,* Ex. 5, pp. 21-23. The jury acquitted Hayes of all handgun offenses. *Id.,* Ex. 5, pp. 30-31.

To the extent the inconsistent verdict claim is not subject to the procedural default doctrine,[5] it nonetheless fails. Inconsistent verdicts generally provide no basis for relief as long as the conviction is supported by sufficient evidence. *See Dunn v. United States,* 284 U.S. 390, 399 (1932); *United States v. Powell,* 469 U.S. 57 (1984); *United States v. Thomas*, 900 F.2d 37

---

[4] In fact, Hayes also was charged in count 11 with wearing, carrying, or transporting a handgun. The jury found him not guilty on that count. ECF No. 8, Ex. 5, p. 30.

[5] *See Mackall v. Angelone,* 131 F.3d 344. 351 (4th Cir. 1996); *see also Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).
.

(4th Cir. 1990). As noted by the post-conviction court, to prove armed robbery under Maryland law, the State must prove the existence of an object capable of causing death or serious bodily harm, while use of a handgun requires a finding that a handgun be used. The post-conviction court indicated the jury could have believed that the weapon used was not an operational handgun but was still capable of causing death or serious injury if Hayes struck the victim with it. Similarly, the post-conviction court noted that in Maryland, first-degree burglary requires the breaking and entering of a dwelling with the intent to commit theft or a crime of violence, but does not require a finding that a handgun – or any other weapon -- was used. [6] ECF No. 8, Ex. 14, p. 5-6. Indeed, factual inconsistencies in jury verdicts are permissible in Maryland. *See Tate v. Maryland,* 182 Md. App. 114, 131-32 (2008) (noting that defendant often reaps the benefit of an inconsistent verdict); *Price v. State,* 405 Md. 10, 37 (2008). Hayes's second claim provides no basis for habeas relief under 28 U.S.C. § 2254(d).

C. Ineffective Assistance of Counsel

The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs the standard for examining ineffective assistance claims. First, a petitioner must demonstrate that the performance of his counsel was deficient by falling below an objective standard of reasonableness. *Id.* This requires an evaluation of counsel's performance in light of an "objective standard of 'reasonably effective assistance' under 'prevailing professional norms.'" *Briley v. Bass*, 750 F.2d 1238, 1247 (4th Cir. 1984).

Second, a petitioner must demonstrate that he suffered prejudice as a result of the defective performance. *Id.* The Supreme Court has made it clear that courts should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[6] At sentencing, the court indicated that in a court trial he would have convicted Hayes both of first-degree assault and the use of a handgun in a crime of violence and imposed an additional 40-year sentence. ECF No. 8, Ex. 6, pp. 17-18. Clearly any "inconsistency" with regard to the jury's decisions worked in Hayes's favor.

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id.* at 689. In the context of a § 2254 proceeding, it is not sufficient to convince the federal habeas court that the state court merely applied *Strickland* incorrectly. Rather, a petitioner must show that the state court applied *Strickland* to the facts in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. at 698-99.

Hayes asserts that trial counsel rendered ineffective assistance by failing to file a timely motion for reconsideration of sentence. ECF No. 1, p. 6. Respondents argue this claim is not cognizable, as Hayes had no federal constitutional right to counsel in connection with such motion, citing *Wainwright v. Torna*, 455 U.S. 586, 586-88 (1982) (per curiam) (criminal defendant cannot complain about ineffective assistance where defendant has no constitutional right to counsel to pursue discretionary relief).

Even if cognizable, the claim would fail. Hayes was advised at sentencing by trial counsel that he had 30 days to file an appeal, which she would do on his behalf, and additionally had 90 days to request a reduction or modification of sentence and 30 days to request a three judge review panel that could either keep his sentence the same or possibly increase it so that the four-year sentence for unauthorized use of a vehicle would be served consecutively. Hayes indicated he understood those options. ECF No. 8, Ex. 6, pp. 21-22.

In denying this claim, the state post-conviction court found as follows:

> As stated supra, the burden is on the Petitioner to prove both that counsel's conduct was both deficient and that it prejudiced the Petitioner. *Strickland*, 466 U.S. at 668. Petitioner never asked counsel to file a Motion for Modification for him. Petitioner claims, despite the fact that he is no stranger to the law, that he expected counsel to file all post-trial motions for him. In any case, Petitioner's Motion to Amend Post Conviction Petition merely contains a bald assertion that trial counsel was deficient for not

filing a Motion to Reduce Sentence, and does not put forth any evidence of prejudice to the Petitioner. As the Petitioner has not met his burden of proof, this argument fails.

Exhibit 14 at 6. The factual findings of the state post conviction court are supported by the record, *id.,* Ex. 13, pp. 10, 13-15, 32, and are not an unreasonable application of either federal or Maryland law. *See State v. Flansburg*, 694 A.2d 462, 468 (Md. 1997) (requiring counsel to file motion for reconsideration only upon defendant's request).

The post-conviction determination did not unreasonably apply federal law; thus, Hayes is not entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d).

### Certificate of Appealability

A certificate of appealability ("COA") shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Reasonable jurists would not find Hayes's claims debatable.

### Conclusion

For the reasons stated herein, Hayes's petition for writ of habeas corpus is DENIED and a certificate of appealability shall not issue. A separate order follows.

DATED this 22nd day of August, 2013.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge